United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| JULIA JANE CANTRELL, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | Civil Action No. 4:22-CV-403 |
| § | Judge Mazzant |
| NORMAN BELOKIN, Individually, § | |
| MARTIN BELOKIN, and MARTIN § | |
| PAUL, INC., § | |
| § | |
| *Defendants.* § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Norman Belokin's 12(b)(6) Motion to Dismiss (Dkt. #28). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **DENIED**.

### BACKGROUND

Plaintiff Julia Jane Cantrell ("Cantrell") brings federal gender discrimination claims, based on sexual harassment, hostile work environment, and retaliation, under Title VII against Defendant Martin Paul, Inc. and assault and battery claims under Texas law against Defendant Norman Belokin ("Belokin").

On July 26, 2022, Cantrell filed her First Amended Complaint (Dkt. #22). On August 5, 2022, Belokin filed his 12(b)(6) Motion to Dismiss, arguing that Cantrell's common law claims against him are subsumed by Title VII (Dkt. #28). On August 19, 2022, Cantrell filed her Response, arguing that her common law claims against Belokin are not subsumed by Title VII because she only brings Title VII claims against her employer, the other defendant in the case, and

not Belokin himself (Dkt. #34).  On August 24, 2022, Belokin filed his Reply (Dkt. #36).  Cantrell did not file a sur-reply.

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).  When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012).  The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).  The Court must then determine whether the complaint states a claim for relief that is plausible on its face.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

2

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion.  First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth."  *Iqbal*, 556 U.S. at 664.  Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief."  *Id.*  "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'"  *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted).  This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

After reviewing the current complaint, and the arguments presented in briefing, the Court finds that Cantrell has stated plausible claims for relief against Belokin.

## CONCLUSION

It is therefore **ORDERED** that Defendant Norman Belokin's 12(b)(6) Motion to Dismiss (Dkt. #28) is hereby **DENIED**.

**IT IS SO ORDERED**.
**SIGNED this 26th day of September, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE